DURIE TANGRI LLP
DARALYN J DURIE (SBN 169825)
ddurie@durietangri.com
RYAN M. KENT (SBN 220441)
rkent@durietangri.com
EUGENE NOVIKOV (SBN 257849)
enovikov@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendant and Counterclaim Plaintiff
LINKEDIN CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EIT HOLDINGS, LLC, a Delaware company<br><br>    Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>LINKEDIN CORPORATION, a Delaware corporation<br><br>    Defendant and Counterclaim Plaintiff. | Case No. 5:11-cv-02465-PSG<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF LINKEDIN CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF AND COUNTERCLAIM DEFENDANT EIT HOLDINGS, LLC'S COMPLAINT** |

Defendant and Counterclaim Plaintiff LinkedIn Corporation ("Defendant") responds as follows to the Complaint for Patent Infringement.

## THE PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

2. Defendant admits that it is a Delaware corporation with a principal place of business in Mountain View, CA, and admits that, in this litigation, it can be served through Ryan Kent, Durie Tangri LLP, 217 Leidesdorff Street, San Francisco, CA  94111.

## JURISDICTION AND VENUE

3. Defendant admits that Plaintiff asserts a claim for infringement of a United States patent, that this action arises under the patent laws of the United States, and that jurisdiction is properly based on 35 U.S.C. §271 and 28 U.S.C. §1338(a).

4. Defendant denies that it has committed and/or induced acts of patent infringement in this district.  Defendant admits that it transacts or has transacted business in this judicial district and that venue is proper in this district.

## PATENT INFRINGEMENT COUNT

5. Admitted.

6. Defendant admits that the U.S. Patent and Trademark Office issued U.S. Patent No. 5,828,837 ("the '837 patent") entitled "Computer Network System and Method for Efficient Information Transfer," but lacks sufficient knowledge or information to form a belief as to the remaining allegations of this paragraph and, on that basis, denies the remainder of the allegations in this paragraph.

7. Denied.

8. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in this paragraph and, on that basis, denies those allegations.

9. Defendant admits that it has a website that provides information to users and permits users to create an account that has a user name associated with the account.  Defendant admits that it receives information from users when users register to create an account and stores information about registered

1  users, and that it provides web pages to registered users that contain advertisements, additional content or
2  information about specific products. Defendant admits that registered users view its website from a
3  device capable of accessing the internet. Defendant lacks sufficient knowledge or information to form a
4  belief as to the remaining allegations of this paragraph and, on that basis, denies the remainder of the
5  allegations in this paragraph.
6     10.   Denied.
7     11.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

12.   Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

13.   Defendant does not infringe and has not infringed any valid claim of the '837 patent.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity)**

14.   Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

15.   The claims of the '837 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including, but not limited to, Sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

**(Failure to Mark)**

16.   Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

17.   EIT Holdings LLC's ("EIT") patent claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. §287.

///

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 11.

19. EIT's requested relief is barred in whole or in part by its own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

20. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

21. EIT's claims are barred in whole or in part by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

22. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 through 11.

23. EIT's patent claims are barred in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Prior Art Estoppel)

24. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

25. EIT's patent claims are barred in whole or in part by the doctrine of prior art estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Time Limitation on Damages)

26. Defendant incorporates by reference the responses to the allegations set forth in paragraphs 1 though 11.

27. The relief EIT seeks is barred in whole or in part by the time limitation on damages set forth in 35 U.S.C. § 286.

# COUNTERCLAIMS

Defendant-Counterclaim Plaintiff LinkedIn Corporation, ("Defendant") hereby pleads the following counterclaims against Plaintiff-Counterclaim Defendant EIT Holdings LLC ("EIT").

## JURISDICTION AND VENUE

1. LinkedIn Corporation is a Delaware corporation with a principal place of business in Mountain View, CA.

2. In its counterclaims, Defendant seeks declarations of invalidity and non-infringement of U.S. Patent No. 5,828,837 ("'837 patent"). As such, jurisdiction is proper pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, under federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and as arising under the Patent Laws of the United States, Title 35 of the United States Code.

3. This Court has personal jurisdiction over EIT because, among other things, it has consented to jurisdiction by filing the instant case.

4. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FIRST COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '837 patent)**

5. Defendant realleges and incorporates by reference paragraphs 1 through 4.

6. As a result of the charges of infringement against Defendant, an actual controversy exists as to infringement of the '837 patent.

7. Defendant has not infringed, and is not now infringing, any valid claim of the '837 patent.

8. Defendant has not caused others to infringe, and is not now causing others to infringe, any valid claim of the '837 patent either willfully, recklessly, or otherwise.

## SECOND COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '837 Patent)**

9. Defendant realleges and incorporates by reference paragraphs 1 through 4.

10. As a result of the charges of infringement against Defendant, an actual controversy exists as to the validity of the '837 patent.

11. The '837 patent is invalid for failure to comply with one or more of the requirements of title 35 of the United States Code including, but not limited to, §§ 101, 102, 103, and 112.

## REQUEST FOR RELIEF

12. Wherefore Defendant requests the following relief:

(a) A judgment that EIT recover nothing by its Complaint;

(b) A judgment that EIT's Complaint be dismissed with prejudice and that each request for relief therein be denied;

(c) A declaratory judgment that Defendant has not willfully, recklessly or otherwise infringed the '837 patent and is not infringing the '837 patent;

(d) A declaratory judgment that Defendant has not willfully, recklessly or otherwise contributed to or induced others to infringe the '837 patent, and is not contributing to or inducing others to infringe the '837 patent;

(e) A declaratory judgment that the '837 patent, and all claims thereof, are invalid;

(f) A judgment declaring this case exceptional under 35 U.S.C. Section 285, and for an award of attorneys' fees, costs and expenses; and

(g) Such other and further relief as the Court deems proper.

## JURY TRIAL DEMANDED

Pursuant to Federal Rule Civil Procedure 38(b), Defendant demands a trial by jury on all counts of the Complaint, the Answer, and Counterclaims so triable.

Dated: June 21, 2011                                      DURIE TANGRI LLP

By: _____*/s/ Ryan M. Kent*_____
                RYAN M. KENT

Attorneys for Defendant and Counterclaim
Plaintiff LINKEDIN CORPORATION

# CERTIFICATE OF SERVICE

I certify that all counsel of record is being served on June 21, 2011 with a copy of this document via the Court's CM/ECF system.

| | |
|---|---|
| Edward W. Goldstein | Mark W. Good |
| Corby R. Vowell | Benedict O'Mahoney |
| Jody M. Goldstein | Terra Law LLP |
| Alisa A. Lipski | 177 Park Avenue, 3rd Floor |
| Goldstein & Vowell, LLP | San Jose, CA 95113 |
| 1177 West Loop South, Suite 400 | mgood@terra-law.com |
| Houston, TX 77027 | bomahoney@terra-law.com |
| egoldstein@gviplaw.com | |
| cvowell@gviplaw.com | |
| jgoldstein@gviplaw.com | |
| alipski@gviplaw.com | |

Dated: June 21, 2011                                       */s/ Ryan M. Kent*
                                                                            Ryan M. Kent

DEF & COUNTERCLAIM PLTFF LINKEDIN CORPORATION'S ANSWER AND COUNTERCLAIMS
TO PLTFF & COUNTERCLAIM DEF EIT HOLDINGS, LLC'S COMPL / CASE NO. 5:11-CV-02465-PSG